LUCIAN L. RAY, by brief, *contra.*

---

THE WESTERN UNION TELEGRAPH COMPANY *v.* JAMES.

1. It is competent for the General Assembly to require a telegraph company, under a penalty, to deliver a message within a reasonable time after its reception by the company at the office in this State from which the delivery is to be made, whether the message be sent from another office of the company in this State, or from one of its offices in another State. This has been done by the act of October 22, 1887 (Acts of 1887, p. 111); and such act is not in this respect violative of the interstate commerce clause of the Federal constitution. The recovery of the statutory penalty in this case was warranted by law and the evidence.

2. Whilst the contractual limitation to sixty days for presenting a claim for damages against a telegraph company does not apply to the statutory penalty, it does apply to all claims for special damages, and operates not alone against the sender of the message, but against the receiver of it, where the message in question relates to the business of both parties and is a reply to a previous message sent by the receiver. Where the damage done to the latter by delay in delivering the message was in breaking up negotiations for the sale of cotton of a low grade and preventing a sale which would otherwise have been consummated, the measure of damages would be the difference between the price which would have been realized by the sale contemplated and the value of the same cotton on that day in the market; or if there was no market for such cotton at the place where stored, its value at the nearest market to that place at which it could be disposed of, together with the expense, if any, of transporting it thither. If it had then no market value anywhere, the measure of damages would be the

contract price less the best price which could afterwards be ob-
tained for it on the first day it could be sold, and the expense of
holding it until that day. Presumptively, in the absence of proof
to the contrary, cotton has some market value on every day in the
year; and consequently, a claim for damages in such a case as the
present would be practicable, and might reasonably be required,
within sixty days from the time the message was sent, delivery
having been made on the following day. The evidence in this
case does not show the contrary. This being so, and no claim for
damages having been presented within sixty days, no special
damages were recoverable.    *Judgment reversed, with direction.*

August 27, 1892.

Telegraph company. Penalty. Damages. Consti-
tutional law. Before Judge GUERRY. Early superior
court. October term, 1891.

James sued the telegraph company for the statutory
penalty for failure to deliver a message within a reason-
able time, and for damages resulting from such failure.
He obtained a verdict for both the penalty and damages.
Defendant's motion for a new trial was overruled, and
it excepted.

The motion contained the general grounds that the
verdict was contrary to law, evidence, etc. Also, that
the court erred in not dismissing from the declaration,
upon defendant's motion, the count set out therein which
sought to recover the penalty, the telegram in question
appearing to have been received by defendant's agent at
Eufaula, Ala., and transmitted to plaintiff at Blakely,
Ga., said telegram being an interstate message, and not
controlled by the Georgia statute.

Also, because the court erred in not nonsuiting plain-
tiff, upon motion of defendant, as to the claim for dam-
ages in not transmitting and delivering the telegram in
a reasonable time, because the proof showed that more
than sixty days had expired between the date of the
delivery of the telegram and the date of plaintiff's de-
mand upon defendant for damages; the telegram having
been received by defendant's agent at thirty-five minutes

after nine o'clock P. M. November 4, 1890, and delivered at ten o'clock A. M. the next day, and the proof showing that the demand for damages was made by plaintiff on February 18, 1891. The telegram was written on a blank containing the words, "The company will not be liable for damages in any case where the claim is not presented in writing, within sixty days after sending the message," and the words, "Read the notice and agreement at the top." As delivered to plaintiff it was written on a blank containing the words: "Nor in any case where the claim is not presented in writing within sixty days after the sending of the message." Signed only by president and manager of defendant.

Also, because the court erred in charging: "I charge you that if the defendant, the telegraph company, undertook to transmit to this place a message which had been paid for at the other end of the line, and did fail to deliver the message to James within a reasonable time from the time it was received, the plaintiff is entitled to recover, for the failure to deliver, $100 as a penalty fixed upon that act by law.

"I charge you that if you should believe that the defendant company did receive a message at this office for Mr. James, and then from their failure to deliver it within a reasonable length of time a loss actually accrued to him, he would be entitled to recover whatever amount you should find that loss to be.

"If you should find that he (referring to plaintiff) failed to make the sale, by reason of the failure to deliver the message, and that he diligently attempted to sell the cotton afterwards and could not sell it on account of the character and condition of the market, but continued to make an effort to sell, and finally did sell, the measure of damages would be the difference between the price he would have received for the cotton if he had made the sale, and the price he actually got when he did sell.

"If you should find that the message was not delivered within a reasonable time under the attending circumstances, your verdict would be for the plaintiff upon both of these propositions."

Bigby, Reed & Berry and R. H. Powell, for plaintiff in error.

W. D. Kiddoo, contra.