WALLINGFORD & SON v. WESTERN UNION TEL. CO.

DAMAGES—TELEGRAPH COMPANIES.—Natural and proximate damages defined.   Rule stated as to liability of telegraph company for failure to deliver telegram regarding sale of mules.

Before ALDRICH, J., Greenwood, December, 1897.   Af- firmed.

Action by Samuel Wallingford & Son *v.* Western Union Telegraph Co., for damages for failure to deliver telegram. From judgment overruling demurrer, defendant appeals.

*Messrs. Wells, Ansel & Cothran,* for appellant, cite: *Loss alleged is not direct and proximate result of failure to deliver telegram:* 9 Ech., 353; 94 U. S., 469; Dud., 180; 2 Sp., 550; 25 S. C., 70; 16 N. Y., 489; 41 N. Y., 544; 81 Ga., 285; 40 S. C., 524; 4 Am. St. R., 126; 31 Fed. R., 134; 19 S. E. R., 100; 21 Id., 457; 4 Am. St. Rep., 134; 31 Fed. Rep., 134;

81 Ga., 285; 45 N. Y., 755; 40 S. C., 524; 98 Mass., 232; 154 U. S., 1; 19 S. W. R., 336; 16 S. E. R., 83; 22 S. W. R., 244; 27 Id., 700; 18 Am. R., 8; 18 U. C. Q. B., 60; 11 Am. R., 166.

*Messrs. Giles & Magill,* contra, cite: *On same point:* 8 Abb., 7; 52 S. C., 279; 40 S. C., 524; 7 U. S., 52; 94 U. S., 469; 111 Mass., 36; 90 Ga., 254; 20 S. W. R., 1133; 84 Tex., 54; 57 N. W. R., 696; 18 Ill. App., 57.

Oct. 24, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action is for damages for failure to seasonably deliver a telegraphic message. The appeal is from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that the damages alleged were not the direct and proximate result of the alleged failure to promptly deliver said message. It appears from the complaint that Samuel Wallingford and his son, S. E. Wallingford, are partners in the business of selling mules, in Sheridan, Indiana, and that the father resided at Greenwood, South Carolina. On the 27th day of December, 1895, the defendant corporation received from S. L. Wallingford, at Sheridan, Ind., and for a consideration received, agreed to transmit and deliver to Samuel Wallingford, at Greenwood, S. C., the following message: "Shall I sell Simms & Wedham load for hundred four months six per cent.?" meaning, "Shall I sell Simms & Wedham a car load of mules, consisting of thirty head, at $100 per head on four months time at six per cent. interest?" This message was received by the defendant's agent at Greenwood S. C., on the 27th December, 1895, and, as alleged, the defendant carelessly and negligently failed to deliver same to Samuel Wallingford for more than a week thereafter. It appears also that plaintiffs would have sold the mules at the price named but for the negligent failure to deliver the message within a reasonable time. The damages alleged were as follows:

"XI. That by reason of the careless and negligent conduct of the defendant's agent, in failing to deliver said message to the said Sam. Wallingford upon its receipt, or within a reasonable time after its receipt at Greenwood, S. C., the plaintiffs were forced to keep said thirty head of mules for three months at great expense and care to the plaintiffs, to wit: the sum of $7 per head per month in feed and attention; and were forced to sell said thirty head of mules at the expiration of said three months at a great loss to the plaintiffs, to wit: at the price of $77.50 per head; making the total loss to the plaintiffs upon each head of the said thirty head of mules, the sum of $43.50, and thereby the plaintiffs have been damaged by the careless and negligent conduct of the defendant, as aforesaid, in the sum of $1,305." The complaint further alleges that defendant had notice of the importance of the said message, and the damage and loss that would likely fall upon the plaintiffs if the message was not delivered promptly and correctly to Samuel Wallingford.

It is not, and could not be, questioned that a telegraph company is liable for damages that are the natural and proximate result of its negligence to seasonably deliver a message received by it for transmission and delivery. The question here is whether the damages as alleged in the complaint are of the kind named. Damages are a natural result when they are such as usually follow in the ordinary course of things, and they are proximate when they result directly, not remotely, from the alleged cause. Such damages are recoverable because they are supposed to be within the contemplation of the parties when they contract. In this case, the loss of the sale of the mules on the terms named was the direct and natural result of the failure to deliver the message, as it is admitted by the demurrer that such sale would have been consummated if the message had been delivered in time. Whether this damaged plaintiffs, depends on whether the market value of the mules at the time the message ought to have been delivered was less than the price offered. The measure of damages in such a

case as this is the difference between the market value of such mules on same terms, at the time the message should have been delivered, and the price offered, in case such market value was less than the price offered. By market value is meant the price that could have been obtained in open market on fair competition on similar terms at Sheridan, Indiana, or, if there was no market price there, at any convenient market for mules, where there was at the time a market price. When transportation and other expenses would have been incurred in selling at a convenient market other than Sheridan, such expenses become an element of damages. If there was no market price for mules when the message ought to have been delivered, and plaintiffs were forced to keep the mules for a time, then the measure of damages would be the price offered, less the market price which could have been obtained at the earliest day thereafter, with expenses of keep and of transportation, if any. We have assumed the solvency of the party making the offer, inasmuch as no question has been suggested as to that. The foregoing principles are well supported by authority. See *Sitton* v. *Macdonald*, 25 S. C., 71; *Western U. T. Co.* v. *James* (Ga.), 16 S. E. Rep., 83; *Squire* v. *Western U. T. Co.*, 98 Mass., 232, 93 Am. Dec., 157; *Manville* v. *Western U. T. Co.*, 37 Iowa, 214, 18 Am. Rep., 8; *True* v. *Int. Tel. Co.*, 60 Me., 9, 11 Am. Rep., 156; 25 Am. & Eng. Enc. Law, 848. The complaint alleges that the plaintiffs were *forced* to keep the mules for three months, by which we understand, giving the complaint a liberal construction, that they could not sell the mules before the expiration of that time; and the complaint also alleges that at the expiration of that time, they were *forced* to sell at $77.50, which we take to be equivalent to saying that $77.50 was the best price they could obtain. As we construe the complaint, it is not demurrable for failure to state facts sufficient to constitute a cause of action, under the principles announced above.

The judgment of the Circuit Court is affirmed.