## WESTERN UNION TELEGRAPH COMPANY v. CARTER.

[No. 19,296.    Filed April 25, 1901.]

TELEGRAPH COMPANIES.—*Failure to Deliver Message After Transmission to Another State.—Penalty.*—Where a telegraph company receives a message in this State for transmission over its lines to a place in another state, the failure of the company to deliver the message after it was received in the other state, to the person to whom it was directed, is not a failure of duty for which the penalty prescribed by §§4176, 4176a Horner 1897 may be recovered.

From the Monroe Circuit Court.    *Reversed.*

*J. H. Louden, T. J. Louden, S. N. Chambers, S. O. Pickens, C. W. Moores, G. H. Fearous* and *F. C. Olive,* for appellant.

*J. R. East, R. H. East* and *R. G. Miller,* for appellee.

MONKS J.—The only question presented by this appeal is whether or not a telegraph company receiving a message in this State, for transmission over its lines to a place in another state, and transmitting the same to such place, is liable for the penalty of $100 prescribed by the act of 1885 (Acts 1885, p. 151), being §§5511, 5512 Burns 1894, §§4176, 4176a Horner 1897, for a failure to deliver such message to the person to whom it was sent, "with impartiality, and in good faith, and in the order of time in which it was received." Said act in form and substance is what is commonly called a penal statute. It is a rule of statutory construction that a statute can have no extraterritorial effect. Rorer on Interstate Law, pp. 7, 8; Endlich on Interp. Stat., §169; Black on Interp. Laws, pp. 91, 92; 25 Am. & Eng. Ency. of Law, 818; *Connell* v. *Western Union Tel. Co.*, 108 Mo. 459, 463, 18 S. W. 883.

It is the duty of a telegraph company, in the absence of any statute, when it receives a message for transmission directed to an individual at one of its stations, to deliver the same to the person to whom addressed with reasonable

diligence and in good faith. When a message is sent from one state to another, the state in which the same is to be delivered has the power to enact laws, with penalties for their violation, requiring the telegraph company to perform this duty, by directing that such message shall be delivered "with impartiality and good faith and with diligence", at least until congress has legislated upon that subject. *Western Union Tel. Co.* v. *James,* 162 U. S. 650, 16 Sup. Ct. 934, 40 L. Ed. 1105; *Western Union Tel. Co.* v. *James,* 90 Ga. 254, 16 S. E. 83; 25 Am. & Eng. Ency. of Law, 818, 819.

In *Western Union Tel. Co.* v. *Pendleton,* 95 Ind. 12, 48 Am. Rep. 692, a message was delivered to a telegraph company in this State for transmission to one of its offices in the state of Iowa. After transmitting the message to the place directed, the company failed to deliver the same to the person to whom it was sent. This court held that the sender of the message was entitled to recover the penalty prescribed by a former law on this subject enacted in 1852 (1 R. S. 1852, p. 481, being §4176 R. S. 1881) for the failure to deliver said message. On appeal to the Supreme Court of the United States said judgment was reversed on the ground that said act of 1852 so construed was, so far as it attempted to regulate the delivery of such messages in other states, in violation of the clause of the Constitution of the United States which vests in congress the power to regulate commerce among the states. *Western Union Tel. Co.* v. *Pendleton,* 122 U. S. 347, 7 Sup. Ct. 1126, 30 L. Ed. 1187; *Alexander* v. *Western Union Tel. Co.,* 66 Miss. 161, 5 South. 397, 3 L. R. A. 71, 14 Am. St. 556, 559. The failure to deliver the message, after it was received in the other state, to the person to whom it was directed, may have been an act of negligence on the part of appellant, but it was not a failure of duty for which the penalty prescribed by §§5511, 5512 Burns 1894, §§4176, 4176a Horner 1897,

may be recovered. *Connell* v. *Western Union Tel. Co.,* 108 Mo. 459, 18 S. W. 883.

Judgment reversed, with instructions to sustain the demurrer to the complaint.