## CITY OF ALBANY v. LYNCH.

1. In this State a mechanic is not entitled to a lien for work done on property belonging to a municipal corporation and used for public purposes.
2. In the absence of such a lien the mechanic can not recover a general judgment against the city for money due him by the contractor, there being no privity of contract between him and the city.

Argued January 22, — Decided February 13, 1904.

Equitable petition. Before Judge Spence. Dougherty superior court. April 7, 1903.

*D. F. Crosland,* for plaintiff in error, cited (beside authorities cited in the opinion) 113 *Ga.* 69, 74; 111 *Ga.* 524; 72 *Ga.* 187;

59 *Ga.* 771; 62 *Ga.* 324; 64 *Ga.* 290; 20 Am. & Eng. Enc. L. (2d ed.) 295.

*James T. Mann,* contra, cited Civil Code, § 2801, par. 1, 2; Acts 1897, p. 30; Acts 1899, p. 33; *Ga. R.* 30/444; 51/614; 63/645; 73/322; 92/489; 6 S. D. 160 (55 Am. St. R. 819); 12 Colo. 226 (19 Am. St. R. 717); 22 Neb. 126 (3 Am. St. R. 262); 114 Mo. 497 (35 Am. St. R. 769); 14 Ala. 33 (48 Am. Dec. 84); 71 N. Y. 498 (27 Am. R. 81); 101 Ky. 312 (72 Am. St. R. 419); 4 B. Mon. 61 (41 Am. Dec. 222); 95 Mich. 62 (35 Am. St. R. 549); 18 Ill. 248 (68 Am. Dec. 539); 122 Mo. 161 (43 Am. St. R. 563); 16 Colo. 140 (76 Am. Dec. 507); 115 Ind. 148 (7 Am. St. R. 418); 127 Ill. 438 (11 Am. St. R. 136); 3 Hill, 531 (38 Am. Dec. 669); 102 Mass. 489 (38 Am. Dec. 679); 11 R. I. 141 (23 Am. R. 434).

CANDLER, J.   Lynch brought suit in Dougherty superior court against Joyce and the City of Albany, the material allegations of his petition being, in brief, as follows:   In March, 1901, the City of Albany contracted with Joyce to bore an artesian well on described property belonging to it and in the city limits.   The plaintiff, in turn, contracted with Joyce to work as a mechanic on the well at an agreed compensation of $4 per day, and in compliance with his contract did work thereon for 471 days, entitling him to $1,884.   Joyce has paid him only $646.80, and refuses to pay the balance of $1,237.20 due.   " Petitioner claims a lien on the aforesaid well and premises, and in compliance with the law did, on the 1st day of October, 1902, within three months after the completion of the contract, file such lien in the office of the clerk of the superior court of [Dougherty] county."   Joyce is insolvent. The city has appropriated sums sufficient to pay Joyce for boring the well, and is now indebted to him in a sum more than sufficient to pay plaintiff's claim against Joyce.   Plaintiff has no adequate remedy at law by which he can recover the amount due him, and unless Joyce is enjoined he will collect the amount due him by the city and leave plaintiff without recourse.   The prayers of the petition were, for (1) a temporary restraining order directed to Joyce, enjoining him from collecting the amount due him by the city until the further order of the court; (2) a decree against defendants for principal and interest " on said principal due your petitioner as aforesaid;" and (3) process.   The

city demurred, on the grounds, first, that so far as the petition seeks to set up and claim a mechanic's lien it can not be maintained, because the artesian well referred to and the premises on which it is situated are public property used by the city for public purposes, and not subject to a mechanic's lien; and second, that so far as the petition seeks to recover a general judgment against the city it sets forth no cause of action, because it affirmatively shows that there was no privity of contract between the city and the plaintiff, and that the plaintiff was in no sense an employee of the city.   The court overruled the demurrer, and the city excepted.

1.   Although the petition contained no prayer for a foreclosure of the plaintiff's alleged lien against the property of the city, or for a special judgment against that property, it was treated by counsel for both the plaintiff and the city as a suit to foreclose such a lien ; and we will therefore decide the case upon the questions made in the demurrer and argued in the briefs of counsel in this court.   So treating it, we are clear that the court below erred in not sustaining the demurrer to so much of the petition as sought to enforce a mechanic's lien on the municipal property. " There can be no mechanic's lien on public property, unless the statute creating such lien expressly so provides, since such a lien would be contrary to public policy, and would also be incapable of enforcement, public property not being subject to forced sale." Boisot on Mech. Liens, § 208.     " It is clear that property owned by a municipal corporation and used for public purposes can not be sold by virtue of an execution issued on a judgment rendered against the corporation.   As one of the results of this general rule, there is no right to a mechanic's lien against such property."   2 Dill. Mun. Corp. (4th ed.) § 577.   While we are not aware of any Georgia case directly involving the question whether or not public property of a city is subject to a mechanic's lien, the whole trend of the decisions of this court in cases of similar character supports the view that such a lien does not exist.   *Leake* v. *Lacey*, 95 *Ga.* 747, was a case where a creditor of a contractor sought to garnish a city and subject to his debt an amount due the contractor by the city, the work for which the contractor was engaged having been completed.   Mr. Justice Lumpkin, delivering the opinion, recognized a distinction between cases where

garnishment was served upon the city pending the work being done for it, and those where the work had been completed and all that remained to be done was the payment of the contractor; but added: "We are decidedly of the opinion that public policy forbids that a municipal corporation should be subjected to garnishment in any case where its indebtedness arose on account of the exercise by it of governmental functions, which include, of course, the prosecution of public works and improvements for the benefit of the body politic. It is not to the municipal authorities, after the work has been completed, a matter of the slightest concern to whom the money due for the work should be paid. The municipality has no interest in aiding a creditor to collect his debt, or in shielding the debtor from paying it, and therefore there is no reason why it should be drawn into litigation pending between these parties, but many good reasons why it should not." In *Morgan* v. *Rust*, 100 *Ga.* 346, a judgment creditor of a man to whom the County of Fulton was indebted in the sum of $500, for services as an expert accountant, sought to require the county to pay that amount into the registry of the court and to have it adjudged to be subject to the plaintiff's execution. In the headnote to that case the following language, which would seem to be decisive of the point now under consideration, was used: "The same public policy which exempts a county from the process of garnishment forbids that it should in any manner be interfered with in settling for necessary public work even after the same has been completed."

2. In the absence of a right to a lien, it is, of course, apparent that the plaintiff could not, under the allegations of his petition, recover a general judgment against the city. There was no privity of contract between him and the city; he dealt alone with Joyce, and to Joyce he must look for the payment of his debt.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*