## 624. BROOKE *v.* ROBSON.

When the buyer, under a contract of sale, commits an anticipatory breach or renunciation by countermanding and giving notice that he will not accept the goods, and the seller elects the remedy of reselling the goods at the risk of the buyer; to hold the buyer liable for the difference between the original price and the price on resale, it must appear that the resale was made without unreasonable delay, after an honest effort to get the best price obtainable.

Complaint, from Baldwin superior court—Judge Lewis. October 15, 1906.

Argued October 30,—Decided November 25, 1907.

On May 13, 1904, Robson contracted with Brooke to buy of him 3,000 bushels of No. 2 mixed corn at seventy-three cents per bushel. On May 19, before the corn had been shipped, Robson wrote to Brooke, countermanding the order. On May 21 Brooke wrote, refusing to cancel the contract and asking for shipping directions. On May 26 Robson, by letter, reiterated that he would not accept the corn. On May 29 Brooke wrote: "Beg to advise that it took two to make this contract and it takes two to unmake it. We respectfully insist that you let us have shipping instruction on same at once." Again, on May 31, June 1, and June 3, Brooke requested shipping instructions, but Robson made no answer. On June 18 Brooke wrote: "Shall we close corn for your account, or shall we carry longer for you?" And on June 25 he telegraphed: "Am offered sixty-six half basis Milledgeville three cars corn. Will sell for your account unless have shipping instructions by two o'clock to-day;" and to neither of these Robson replied. Brooke sold the corn on June 25, for sixty-six and one-

half cents per bushel, immediately notifying Robson to that effect. There was evidence that on and for several days after the date Robson gave notice of the countermand, the market price ranged at and above the purchase-price of seventy-three cents per bushel. The jury found for the defendant. The plaintiff made a motion for a new trial, on the general grounds, and to the overruling thereof brings error.

*Hines & Vinson, Payne, Jones & Jones,* for plaintiff.

*C. T. Crawford,* for defendant..

POWELL, J. (After stating the facts as above.)

The countermand was an anticipatory breach or renunciation of the contract. *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112). By the Civil Code, §3551, the seller in such cases "may retain [the goods] and recover the difference between the contract price and the market price at the time and place for delivery; or, he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale; or, he may store and retain the property for the vendee and sue him for the entire price." An election as to which remedy the seller will pursue must be made with reasonable promptitude. In this case the seller relied upon the second option, that of reselling and charging the buyer with the difference. In order to conclude the defendant in this manner, it must appear that the resale was made without unreasonable delay, after an honest effort to get the best price obtainable. *Green* v. *Ansley,* 92 *Ga.* 649 (19 S. E. 53, 44 Am. St. R. 110). While the above case, so far as it relates to sales of land, was explained and somewhat modified in *Cowdery* v. *Greenlee,* 126 *Ga.* 793 (55 S. E. 918, 8 L. R. A. (N. S.) 137), the principle in point was in no wise disturbed by anything there said. See also *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607 (34 S. E. 1011). Presumptively the corn could have been sold for its market value on any day after the renunciation. *Western Union Tel. Co.* v. *James,* 90 *Ga.* 254 (2), (16 S. E. 83); *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 491 (46 S. E. 657). There being evidence from which the jury could have found that Brooke, by exercising the privilege of resale within a reasonable time, could have protected himself from all damage, the judgment refusing a new trial is  *Affirmed.*