### 7208

### STRAUSS v. POSTAL TELEGRAPH-CABLE CO.

TELEGRAPH COMPANIES—PUNITIVE DAMAGES.—Omission from the address of a telegram of the street address is not sufficient to show intentional wrong or reckless disregard of sendee's rights where there is proof of proper effort to get the proper address and to deliver.
*Lathan* v. *Tel. Co.,* 75 S. C., 129, *and Walker* v. *Tel. Co.,* 75 S. C., 512, *distinguished from this case.*

Before DANTZLER, J., Sumter, April term, 1908.   Reversed.

Action by Isaac Strauss against Postal Telegraph-Cable Company.   From judgment for plaintiff, defendant appeals.

*Mr. R. O. Purdy,* for appellant, cites: *Charge for message should not be recovered here:* 5 McC., 103; 154 U. S., 1. *Punitive damages not recoverable:* 77 S. C., 399. 527, 148, 155; 76 S. C., 301; 25 Ency., 831, 1616; 69 S. C., 549; 75 S. C., 116.   *Plaintiff must take notice of regulations:* 71 S. C., 5.

*Messrs. Lee & Moise, contra,* cite: *Message having been phoned, sixty day limit does not apply:* 70 S. C., 21; 65 S. C., 93; 71 S. C., 508; 73 S. C., 140; 39 S. C., 56; 112 U. S., 33; 26 Ency., 804; 28 S. C., 431; 42 S. C., 14; 17 S. C., 514. *Leaving off part of address was conscious failure to observe due care:* 75 S. C., 529; 80 S. C., 207; 77 S. C., 56; 73 S. C., 380; 74 S. C., 377; 77 S. C., 179; 79 S. C., 160; 49 S. C., 165; *and this warrants punitive damages:* 72 S. C., 354; 75 S. C., 97; 73 S. C., 379; 65 S. C., 93; 75 S. C., 275, 130. *This was for jury:* 69 S. C., 545; 62 S. C., 235; 74 S. C., 377; 77 S. C., 56.

June 8, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff, through the negligence and intentional wrong on the part of the defendant, in failing to deliver a telegram.

The allegations of the complaint material to the questions under consideration are as follows: "That on the 31st day of March, 1907, the plaintiff delivered to the defendant in the city of Sumter, in the county and State aforesaid, the following message: 'To Mr. Leon Clark, 726 Pine St., Wilmington, Del. Elma dangerously ill; not expected to live; suggest come at once.' " And the defendant received said message and agreed to transport and deliver the same for its usual charges, to wit: fifty-three cents, which was paid by the plaintiff.

"That the said Leon Clark would have come to Sumter at once had said message been delivered to him; but although the said Leon Clark lived at 726 Pine street, in the city of Wilmington, Del., no effort was made to deliver said message, as plaintiff was informed and believes.

"That the defendant had notice of the importance of said message by its terms, but the said defendant so negligently

performed its duty in regard to the delivery of said telegram that it failed entirely to deliver the same.

"That Elma, referred to, was the son of the said Leon Clark, and was paying the plaintiff a visit, and died in his residence in the city of Sumter a few hours after the said message was sent."

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused.

The jury rendered a verdict in favor of the plaintiff for two hundred dollars and fifty-three cents, and the defendant appealed.

The practical question presented by the exceptions is, whether there is any testimony tending to show that the plaintiff is entitled to punitive damages.

There was testimony to the effect that the message was sent promptly to Wilmington, Del., and that it was properly transmitted to Augusta, Ga., a relay station, but that when it reached Wilmington it did not contain the words, "726 Pine St.;" that when the message was received in this shape the office at Wilmington made diligent efforts to deliver it; that the directory at Wilmington was not published for the year 1907 at that time; that the operator at that office consulted the directory then in print and found that a Leon Clark lived at 902 Orange street, and at 8:30 o'clock that night tried to deliver the message at that place, and found that it was not for any one there; and then, at 9:45 o'clock, after again consulting the directory, attempted to deliver it at 838 Kirkwood street; that Leon Clark had removed from that place to 726 Pine street about the 20th of February, 1907; that being unable to locate Leon Clark that Sunday night, the Wilmington operator telegraphed to Sumter for a better address; that the Sumter office closed at 8 o'clock and this message was not received until the next morning, and then the office at Wilmington was advised that the message had been transmitted from Sumter in proper form; that about 3 o'clock that night Elma died, and next

morning the plaintiff telegraphed Leon Clark, at 726 Pine street, Wilmington, Del., as follows: "Elma died three a. m. Should we hold body for your arrival or bring it tonight;" that this telegram was not received by plaintiff until 4 o'clock in the afternoon of the 1st of April; and that the first telegram had not been delivered to Leon Clark when the plaintiff arrived in Wilmington with the body next day; that the defendant, not being able to find Leon Clark at 726 Pine street, and having been informed that he was working for the railroad company, it undertook to deliver the messages, and did finally do so, and practically at the same time; in response to the last mentioned telegram the plaintiff received the following message from Leon Clark: "Come on tonight; bring body with you."

When the motion was made for a nonsuit his Honor, the presiding Judge, stated that he would have granted it but for the fact that the words, "726 Pine St.," being absent from the telegram were sufficient to carry the case to the jury on the question of punitive damages.

The foregoing statement of the testimony explains satisfactorily the delay on the part of the operator at Wilmington.

In the absence of other circumstances, the fact that the words were omitted, for some unaccountable reason, is not sufficient to show intentional wrong or a reckless disregard of the plaintiff's rights.

In the case of *Lathan* v. *Tel. Co.,* 75 S. C., 129, 55 S. E., 134, the entire name of the addressee was changed and the message was delivered to his competitor in business. This Court held that this afforded at least some evidence of a reckless disregard of the plaintiff's rights. Not only was there a change in the entire name of the addressee, but, coupled with the delivery to his competitor in business, tended to show an intention to injure.

And, in the case of *Walker* v. *Tel. Co.,* 75 S. C., 512, 56 S. E., 38, there was not only an entire change in the

meaning of the message, but when the telegraph company was requested to repeat the telegram it was not properly corrected. In that case the plaintiff was in New Orleans, La., and his wife was in Edgefield, S. C. She first sent him this message: "Wire your address after today. Baby had convulsions this morning; resting now." To which he replied: "Be here tomorrow and Monday. Wire again tonight child's condition. Will come if needed." The following telegram was afterwards sent: "Toots desperately ill; convulsions. Better come." The message when received read: "Ties displayed; all convulsions better now." The repeated message was as follows: "Toots desperately, all convulsions better now."

It will thus be seen that the facts of these cases are quite different from the facts of the case under consideration. The mere absence from the message of the words, "726 Pine St.," is not a sufficient basis for punitive damages, and his Honor, the Circuit Judge, erred in not so ruling.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for a new trial.