SCHUENEMANN, Respondent, vs. JOHN G. WOLLAEGER COMPANY, Appellant.

*January 14—February 10, 1920.*

*Sales: Remedies of seller on buyer's breach: Sale to third party: Waiver.*

1. Upon the buyer's breach of a contract for the sale of goods in the possession of the seller, the seller may (1) hold the property for the buyer and sue for the purchase price, or (2) sell the property as the agent of the buyer and recover the difference between the contract price and the fair market value upon resale as the liquidated amount of the damages, or (3) keep the goods and recover the difference between the contract price and the fair market value.

2. By selling an automobile to a third party upon the buyer's breach of his contract of purchase, the seller elected to waive the right to stand on its bargain and accept as the measure of its damages the difference between the price the buyer agreed to pay and the price received from the person to whom the machine was sold.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This is an action by plaintiff to recover $200 with interest from November 19, 1915, to April 6, 1916. It appears that the defendant company made a written contract with plaintiff to sell him a Studebaker motor car for $905. The writing signed by the parties is in the form of an order for a specified Studebaker car which defendant was selling in the city of Milwaukee. The date of the order was November 19, 1915, the price of the car $905, terms of payment $200 paid to defendant when order was signed, $205 to be paid about November 25th, balance of purchase price to

be paid by plaintiff on ten notes, which were to be given when car was delivered.    The sale was not consummated pursuant to this writing, and on March 24, 1916, defendant sold the car to Dr. McRae for $865.

The plaintiff alleges and claims that defendant extended the time of the sales contract to March, 1916, and that he tendered performance of the contract of purchase within the time to which it had been mutually extended.    The defendant alleges and claims that there was no extension of the time for the consummation of the sale as agreed on November 9, 1915, and that plaintiff is in default, and claims the right to recover the profits it would have realized had the plaintiff performed the contract, as damages for its breach.    The evidence upon the question of an extension of time for the performance of the contract of sale from November, 1915, to March, 1916, by mutual agreement of the parties, and whether or not plaintiff breached this contract, is in sharp conflict.    The trial court submitted these issues of fact to the jury for determination upon proper instruction.    The jury rendered a special verdict awarding plaintiff damages in the sum of $152.63.    The civil court awarded judgment in plaintiff's favor for this amount, with costs.    The defendant appealed to the circuit court for Milwaukee county.    The circuit court affirmed the judgment of the civil court.    This is an appeal from such judgment.

The cause was submitted for the appellant on the brief of *Austin, Fehr, Mueller & Gehrz* of Milwaukee, and for the respondent on that of *Lines, Spooner & Quarles* of Milwaukee.

SIEBECKER, J.    The appellant contends that the civil court erred in its ruling excluding evidence defendant offered to show as an item of its damage the profits it would have realized had the plaintiff consummated the purchase of the car as agreed by it and plaintiff in November, 1915. The evidence offered by defendant was for the purpose of

showing that it was a duly licensed agent of the Studebaker corporation, which manufactured this car; that this car was similar to the cars of this class then being sold in the Milwaukee market at a uniform price of $905, and the profit defendant would have realized had plaintiff performed his contract of purchase. The trial court held that the rule of damages applicable to this case, if plaintiff breached this contract, was the difference between the contract price of the car as sold to the plaintiff and the market price of the car at the time when the car should have been accepted by the plaintiff.

In the case of breach of contract for sale of goods it is well established that where the goods are in the seller's possession he may (1) hold the property for the vendee and sue him for the purchase price and thus secure the profits of his bargain; or (2) sell the property as agent for the vendee and recover the difference between the contract price and a fair market value upon resale as the liquidated amount of the damage; or (3) keep the goods and recover the difference between the contract price and the fair market value. *Haueter v. Marty,* 156 Wis. 208, 145 N. W. 775; *Berry v. Wadhams Oil Co.* 156 Wis. 588, 146 N. W. 783; sub. 3, sec. 1684*t*—64, Stats. (uniform sales act).

It is argued that defendant, under this rule of damage, is not made good the loss of profits it suffered as a result of plaintiff's refusal to perform the contract. It must be borne in mind that the cost of the car to defendant was the same whether it sold it to Dr. McRae or the plaintiff and that the jury allowed defendant the difference between the contract price and the price received from Dr. McRae. Furthermore, if defendant desired to collect the profits on its sale to plaintiff, the law offers the opportunity for it to hold the car for plaintiff and sue him for the purchase price, thus recovering the profits of the bargain. When defendant sold the car to another, as it did, it elected to waive the right to stand on its bargain and accept as the measure of

its damage for the breach of contract by plaintiff the difference between the price of the car plaintiff agreed to pay and the price for which the car was sold to Dr. McRae.

We find no error in the record.

*By the Court.*—The judgment is affirmed.