[No. 18035. *En Banc.* October 21, 1924.]

HARTMAN PACIFIC COMPANY, INCORPORATED, *Respondent,* v. RUSH ESTEE et al., *Appellants.*[1]

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 17, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*Wright, Kelleher, Allen & Hilen* and *V. A. Montgomery*, for appellants.

*Battle, Hulbert, Gates & Helsell,* for respondent.

ON REHEARING.

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the Departmental opinion heretofore filed herein, as reported in 127 Wash. 151, 219 Pac. 867, and the judgment of the superior court is therefore reversed and the cause remanded to that court with direction to enter a judgment in favor of the respondent for nominal damages only.

TOLMAN, J. (concurring)—Some arguments advanced on rehearing, and the position taken by the minority, lead me to express briefly my reasons for concurring in the opinion previously filed in this case.

[1]Reported in 229 Pac. 326.

The respondent now contends that, even though it did not act with diligence in making a resale of the goods in question, yet it is entitled to substantial damages, because if the resale had been made within sixty days or ninety days it would have sustained a substantial loss.     That situation, if true, does not affect the measure of damages to be here applied, because respondent has elected its remedy and cannot now measure its damages by the difference between the contract price and the market value.    The law is well settled that, in cases where the buyer breaches such a contract, the seller may elect to pursue any one of three remedies.    We said in *Hess v. Seitzick*, 95 Wash. 393, 163 Pac. 941.

"On the failure of the buyer to comply with the contract of sale, the seller had, of course, a choice of remedies:    (1) It could store and hold the property subject to the buyer's order and sue for the contract price;   (2) it could resell the goods, after notice to the buyer, and recover the difference between the price received and the contract price; or (3) it could retain the property as its own and recover the difference between the market value of the same at the time and place of delivery and the contract price, if the market value *was less* than the contract price.    But as it elected to keep the property, it is clear that its measure of damages is found in the last of the three remedies mentioned."

Having elected its remedy, the seller must abide by his choice and accept the results, without regard to what might have been obtained by a different choice.   *Heidenheimer v. Cleveland*, 11 Tex. Civ. App. 546, 32 S. W. 826, treats of a situation where the seller sought, as here, to recover the difference between the contract price and the price obtained by resale; but at the trial he attempted to show the difference between the contract price and the market value, and in passing upon the question thus raised the supreme court of Texas said:

"In his pleadings appellant rested his case on his right to recover the contract price of the bacon, less the net proceeds of its resale, and we therefore hold that no error was committed in not allowing him to prove its market value in Kansas City on the 21st day of August, 1883.   His action was not for damages for a repudiation or breach of the contract, but to recover the purchase money (less admitted credits) of the bacon, and he did not allege in his petition the value of the bacon in Kansas City on the 21st day of August, 1883."

In *Schuenemann v. Wollaeger Co.*, 170 Wis. 616, 176 N. W. 59, the supreme court of Wisconsin likewise held that, when the seller has elected to pursue one of the three remedies mentioned, he is precluded from recovering damages under either of the others.    Such is the general and accepted rule.    35 Cyc. 526.

If the Wisconsin cases cited by the minority announce a contrary doctrine, which I do not concede, then they have been overruled by the *Schuenemann* case, *supra*.     The cases of *Brooke v. Robson*, 3 Ga. App. 136, 59 S. E. 323; *Mendel v. Miller*, 126 Ga. 834,

56 S. E. 88, 7 L. R. A. (N.S.) 1184. and *White Walnut Coal Co. v. Crescent Coal & Mining Co.*, 254 Ill. 368, 98 N. E. 669, 42 L. R. A. (N.S.) 669, are, as I read them, in entire harmony with the views which I have herein expressed; and the note following the last mentioned case at page 673, under the heading Election of Remedies, completely answer the arguments advanced by the minority. Indeed, I find no authority which, to my mind, logically sustains any other doctrine.

For these reasons, I concur in the original opinion.

Holcomb, J., concurs with Tolman, J.

Bridges, J. (dissenting in part)—I concur in all that is said in the foregoing opinion except that the respondent is entitled to only nominal damages. As I read it, the court holds that the vendor, having elected to resell, was bound to do so within a reasonable time, and since it did not do so, it can recover only nominal damages, notwithstanding the testimony shows, and the court concludes, that the market value at the time the sale should have been made was fifteen cents per dozen less than the contract price. I do not think this the correct measure of damage, nor the one supported by the authorities. The purpose of resale is two-fold; first, to protect the vendor from loss; and second, to fix, or at least create evidence of, the market value at the time of the breach; the measure of damage being the difference between the contract price and the market price at the time and place of delivery. If the resale is not fairly and diligently made, then it simply fails to fix the market price. But this, in my opinion, is no reason why it cannot be proven in any other way. Here it is found that such market value was fifteen cents per dozen less than the contract price, and I am of the opinion that the respondent is entitled to recover that sum instead of nominal damages. *Pratt v. Freeman & Sons Mfg. Co.*, 115 Wis. 648, 92 N. W. 368; *Scott Lumber Co. v. Hafner-Lotham Mfg. Co.*, 91 Wis. 667, 65 N. W. 513; *Mendel v. Miller*, 126 Ga. 834, 56 S. E. 88, 7 L. R. A. (N.S.) 1184; *White Walnut Coal Co. v. Crescent Coal & Mining Co.*, 254 Ill. 368, 98 N. E. 669, 42 L. R. A. (N.S.) 669; and particularly the note at page 683; *Brooke v. Robson,* 3 Ga. App. 136, 59 S. E. 323.