The Western Union Telegraph Company *v.* Bates.

1. As to the penalty for not delivering in Georgia with due diligence the message after its transmission from Tennessee, and as to the constitutionality of the statute on the subject with reference to

interstate commerce, the case is ruled by *Western Union Telegraph Company* v. *James*, 90 *Ga.* 254, 16 S. E. Rep. 83.

2. The message delivered by the company .after the delay was over was admissible in evidence, and it was unnecessary to call for or put in evidence the original message delivered to the company for transmission.

3. Where an agent of the defendant corporation is examined by the plaintiff as his own witness, it is discretionary with the court to admit evidence, otherwise competent, drawn out by a leading interrogatory, although the interrogatory was excepted to in due time and manner by the defendant.

4. If a plaintiff seeks to take the benefit of a written demand upon a telegraph company for damages, where such demand is necessary to his right of action, the mere fact that the agent on whom the demand was made answered it verbally by a refusal on the part of the company to settle, saying that the plaintiff would have to bring suit, will not dispense with the highest evidence of the demand, which is the writing itself, or proof of its contents after failure to produce it has been accounted for.

5. Where the plaintiff has made a journey which he would not have made so early had the telegraph company delivered to him with due diligence a message which ought to have been delivered before the journey was commenced, he is, *prima facie,* not entitled to recover of the company the whole expense of the journey but only the difference, if any, between what it cost to make it then and what it would have cost to make it at the later time designated in the delayed message. Evidence to show that he incurred expense for a horse and buggy to convey him beyond the point from which the dispatch was sent, the sender being his own wife, is not admissible without further evidence tending to show that he had not then discovered that he had made his journey prematurely and why he had not made the discovery.

November 6, 1893.

Action for penalty and damages. Before Judge WESTMORELAND. City court of Atlanta. January term, 1893.

Bates sued for failure of the telegraph company to deliver with due diligence a message sent to him to Atlanta, Ga., by his wife from Shelbyville, Tenn., advising him to delay a contemplated trip to Shelbyville. He alleged, besides his claim for the penalty, that, the message not having been duly delivered, he left on the trip

and incurred expenses and damages.  He obtained a verdict for $128.92.

1. Defendant demurred to that part of the declaration claiming the penalty, on the ground that the message belonged to and was a part of commerce between the different States, and the act allowing the penalty to be collected on such a message was in conflict with and repugnant to that clause of the constitution of the United States granting to Congress exclusive power to regulate commerce among the different States.  The demurrer was overruled.

2. Plaintiff offered in evidence the message delivered to him in Atlanta, not the original which was delivered to defendant in Shelbyville.  Defendant objected on the ground that said original ought to be produced or its absence properly accounted for, before a copy could be used in evidence.  The objection was overruled.

3. A direct interrogatory addressed to Wallace, a witness for plaintiff and the operator for defendant at Shelbyville at the time in question, was: " Were the charges prepaid by Mrs. Bates at Shelbyville at the time of delivering the telegram to you?"  Defendant objected to this interrogatory as leading, and the objection was overruled.

4. One of plaintiff's attorneys testified that he presented to defendant's manager plaintiff's claim and asked payment of it, and the manager said he would look into it, and afterwards said he could not do anything about it.  Witness thought he left a written memorandum with the manager, in which he made out a claim for damages, and after that they had a verbal conversation, and the manager said he would look into it, and afterwards said it would have to be sued.  Witness was satisfied that this happened within thirty days.  Defendant moved to rule out this testimony, on the ground that the writing ought to be produced or its absence properly accounted for.  This motion was overruled.

5. Plaintiff was allowed to testify, over objection for irrelevancy, that after getting to Shelbyville he hired a horse and buggy, paying $5 for it, to go to see the party about the lawsuit with reference to which he alleged he went to Shelbyville.

BIGBY, REED & BERRY, for plaintiff in error.

FRANK A. ARNOLD, *contra*.

BLECKLEY, Chief Justice.

1, 2. The first and second points have been ruled heretofore. As to the first, see *Western Union Telegraph Co.* v. *James*, 90 *Ga.* 254, 16 S. E. Rep. 83. As to the second, see *W. U. Tel. Co.* v. *Fatman*, 73 *Ga.* 285; *Same* v. *Blance*, 94 *Ga.*    , 19 S. E. Rep. 255.

3. The trial court has a discretion in allowing leading questions when a witness is under examination in open court. We see not why this discretion should not extend to the taking of evidence by interrogatories. Here the witness interrogated was an agent of the adverse party, and doubtless this was the reason why the court deemed it no impropriety to lead him. We can see nothing to indicate any abuse of discretion.

4. The demand upon the company for damages was in writing, and while the question admits of two opinions, we think the writing itself was the highest and best evidence of the demand, and should have been produced or accounted for, notwithstanding the company's agent answered it verbally by a refusal on the part of the company, and said the plaintiff would have to bring suit. The evidence of Arnold touching demand and the response made thereto should have been ruled out.

5. Inasmuch as the plaintiff made his journey earlier than he would have made it if the company had delivered to him, with due diligence, the delayed message, he might recover, as a part of his damages, any excess of expense which was occasioned by making the journey

at a time when it would not otherwise have been made. But this excess would be the limit of his recovery on this score. If he made it as cheaply as he would have made it had he waited until the time designated in the message, there was nothing upon which to base any recovery on account of expenses. Of course, if he had to repeat the journey and thus pay for two journeys instead of one, the whole expense of the first might be recoverable; but nothing of this kind appears in the evidence. The sender of the message was the plaintiff's wife, and it was sent from Shelbyville, Tenn., to Atlanta, Ga. She seems to have been in Shelbyville both when she sent the message and when he arrived there in consequence of a previous message or appointment, and there is nothing tending to show that she did not inform him that the delayed message had been sent, and that his journey had been prematurely made. This being so, we can see no ground for charging the company with what he paid to hire a horse and buggy in Shelbyville to carry him to another point where the party was with whom he had business. The court erred in admitting evidence as to this item of expense.

The judgment refusing a new trial is reversed, with direction that if the plaintiff will write off all his recovery except for the amount of the statutory penalty and the costs, then the judgment thus modified stand affirmed.          *Judgment reversed, with direction.*