THE WESTERN UNION TELEGRAPH COMPANY *v.* HINES.

In an action by the sendee of a telegram against the company for special damages, the case being one in which the contents of the telegram sent are material, the loss by the plaintiff of the telegram received will not lay the foundation for introducing parol evidence of its contents, without accounting, by notice to produce or otherwise, for the non-production of the telegram written and delivered by the sender for transmission. If the case of *Cincinnati &c. Railway* v. *Disbrow & Co.*, 76 *Ga.* 253, is to be construed as at variance with this ruling, it is in conflict with sections 3767, 3768, of the code, as well as with the established law as it existed prior to the code. For this reason the case mentioned should be treated as colored and controlled by its own peculiar facts, including the circumstance that the party whose duplicate of the contract was not lost was probably put upon notice prior to the trial that the duplicate of the other party had been lost, this notice resulting from the examination of a witness by interrogatories before the trial to prove the loss and verify a copy of the instrument.

March 26, 1894. Argued at the last term.          *Judgment reversed.*

Action for damages. Before Judge HENRY. Floyd superior court. March term, 1893.

The suit was for failure of the telegraph company to deliver to plaintiff a message, to wit: "Birmingham, Ala., March 11, 1889. To John C. Hines, 515 Broad street, Rome, Ga. Have work; come at once. J. B. Dabney." Plaintiff alleged, that because of said non-delivery he did not go to Birmingham, and thereby failed to obtain employment which, under previous contract with Dabney (setting it forth), he would have obtained had he received the notice contained in the message and gone to Birmingham in response thereto. He obtained a verdict, and defendant's motion for a new trial was overruled. The only ground of the motion material to this report is, that the court allowed plaintiff to testify to the contents of the message set out in the declaration, over objection that it did not appear that the original message filed in the Birmingham office was lost or mislaid, and that said original was the best evidence of its own contents. It appeared from plaintiff's evidence, that the message set out in the declaration was delivered to him, but not until twelve days after its date, and not until he had gone to the telegraph office and inquired if there was a message for him; and that he delivered this dispatch to his counsel, and it was afterwards lost, and though diligently searched for, could not be found. He testified that the copy set out in the declaration was correct.

BIGBY, REED, BERRY & FOOTE and WRIGHTS & HARPER, for plaintiff in error.

W. T. TURNBULL and W. H. MITCHELL, contra.