## KERR v. THE STATE.

| 105 | 655 |
| 126 | 496 |

| 105 | . 655 |
| 130 | 167 |

1. The question whether or not, upon the assumption that the State's theory as to the facts was duly established by evidence, the offense committed was simple larceny, or some other offense, is dealt with in the case of *Hecox* v. *State*, ante, 625, and a similar question is discussed in the case of *Finkelstein* v. *State*, ante, 617.

2. It was, in a criminal trial, erroneous to allow the State to prove by parol the contents of a written telegram prejudicial to the accused, without first requiring the proper foundation for the introduction of the secondary evidence to be laid.

Submitted October 4, — Decided October 13, 1898.

Accusation of larceny. Before Judge Berry. Criminal court of Atlanta. July 7, 1898.

*G. P. Roberts* and *T. L. Bishop,* for plaintiff in error.
*James F. O'Neill, solicitor,* contra.

LUMPKIN, P. J. 1. An accusation duly filed in the criminal court of the City of Atlanta jointly charged B. L. Hecox and R. ·Kerr with the offense of simple larceny. They were tried severally, and each being found guilty, filed a motion for a new trial. Both motions were overruled, and separate writs of error were brought to this court. The evidence in the record of Kerr's trial tends to show that Hecox was the actual perpetrator of the offense committed, and it is evident that Kerr was convicted upon the theory that he aided and abetted Hecox in doing the criminal act, and that, as the same was a misdemeanor, both were guilty as principals. The main legal question involved is whether or not, upon the assumption that the State's theory as to the facts was duly established, the accused was guilty of simple larceny, or of some other offense. The law applicable to this question is announced in *Hecox's* case, and 'is fully discussed by Mr. Justice Lewis in that case, and also in the case of *Finkelstein* v. *State*, both of which were this day decided. It thus appears that the offense in question was simple larceny.

2. As a new trial is granted in Kerr's case, we refrain from expressing any opinion upon the sufficiency of the evidence to establish his alleged participation in the larceny committed by Hecox. We think Kerr is entitled to a new trial because the

judge erred in admitting evidence. Over objection by the accused, Mauker, a witness for the State, was permitted to testify to the contents of a telegram intended for Hecox, and which, according to Mauker's testimony, contained statements practically accusing Hecox of the very offense for which Kerr was on trial as an alleged confederate of Hecox, and threatening a prosecution unless restitution was made. Mauker further testified that he read this telegram to Kerr, and, after so doing, demanded of him the identical sum of money which the indictment in this case charges Hecox and Kerr with having stolen; and that thereupon Kerr handed to the witness the amount of money in question. It will therefore be readily perceived that the contents of this telegram had a direct bearing upon the case, because the reading thereof to Kerr apparently influenced him to surrender the money claimed to have been stolen; and it follows that the accused had a right to demand that proof of the actual contents of the telegram should be made by competent and legal evidence. Unquestionably the conversation between Mauker and Kerr was admissible against the latter; and there is no doubt that, in giving an account of what transpired, it was competent for Mauker to testify that in the course of the conversation he read a telegram to Kerr, and, in this connection, to state the terms he employed in representing to Kerr how the telegram was worded. The reading of the telegram was a part of the res gestæ of the conversation, and all that was said or done by Mauker on that occasion was relevant as throwing light upon what Kerr did and said in reply. To this extent Mauker's testimony was relevant and was properly allowed to go to the jury. It was, however, another and an entirely different thing to allow him to state, independently of the conversation, what the contents of the telegram actually were. Permitting him to do this was surely allowing parol evidence of the contents of a writing. His testimony could easily have been confined to allowing him to state what actually passed between himself and Kerr, without going further and testifying affirmatively to the language embraced in the telegram. His statement of what he read to Kerr may or may not have been a correct version of the real contents of the telegram. When, therefore, he was allowed to testify under oath at

the trial what these contents were, he was in effect permitted to corroborate and strengthen the other portion of his testimony in an illegal manner, viz., by proving by his mere verbal statement what a written paper contained, when the paper itself was the best evidence as to this matter.　In the motion for a new trial it is distinctly alleged that the court erred in allowing Mauker to state the contents of the telegram, for the reason that "the best evidence of the contents of the telegram was the telegram itself."　We have pointed out that portion of Mauker's testimony which we think was admissible, as well as that which was not.　In allowing the witness to state independently, and not as a part of the conversation between himself and Kerr, the contents of the telegram, we are quite clear the presiding judge went contrary to that rule of evidence, universally recognized, which declares that the contents of a writing can not be proved by parol without first showing a sufficient legal reason for its non-production.

*Judgment reversed.　All the Justices concurring.*