## KING v. THE STATE.

·CANDLER, J.　1. Failure to sufficiently describe, in an accusation of larceny,  the property alleged to have been stolen, is a defect which should be taken advantage of by demurrer in writing before pleading to the merits. This court will not reverse the judgment of the trial court overruling a motion to quash an accusation on the ground of such insufficient description, when it does not appear that any written demurrer to the accusation was ever filed.

2. The evidence was sufficient to warrant the verdict of conviction, and it does not appear that the trial court erred in overruling the motion for a new trial.

　　　　　　　　　　　*Judgment affirmed. By five Justices.*

　　　Argued January 19, — Decided February-7, 1903.

Accusation of simple larceny.　Before Judge Raines.　City ·Court of Dawson.　December 26, 1902.

*Marlin & Irwin,* for plaintiff in error.

*M. J. Ycomans, solicitor,* contra.

---

## FOSTER v. THE STATE.

:SIMMONS, C. J.　Where one by false representations induces another to sell him  certain personal property on credit, and the sale is completed by delivery and is unconditional, the intention being that the title should pass, there is is no larceny.　Kellogg v. State, 26 Ohio St. 16 ; *Harris* v. *State,* 81 *Ga.* 758 ; Clark's Cr. L. (2d ed.) 290 ; 2 Clark & Marsh. Cr. § 318.

　　　　　　　　　　　*Judgment reversed. By five Justices.*

　　　Argued January 19,— Decided February 7, 1903.

Accusation of simple larceny.　Before Judge Hammond.　City ·court of Griffin:　December 16, 1902.

*Thomas W. Thurman,* for plaintiff in error.

*J. D. Boyd, solicitor,* and *O. H. P. Slaton,* contra.