## WELCH *v.* THE STATE.

"If one meaning to steal another's goods fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat."

Submitted July 16,—Decided August 17, 1906.

Accusation of simple larceny. Before Judge Hammond. City court of Griffin. June 7, 1906.

W. W. Welch was arraigned in a city court upon an accusation for simple larceny, which alleged the fraudulent taking, etc., of $3.60, the property of the Griffin Manufacturing Company. Upon the trial evidence was introduced by the State, tending to establish the following facts: The accused went to the superintendent of the Griffin Manufacturing Company and asked for an advance for the purpose of procuring hands from a distance to work for the company. The advance was refused, and the accused thereupon told the superintendent "he had got into some trouble," and wanted to send some money to a bailiff at Lindale, Ga., to settle the cost. The superintendent thereupon went with the accused to the office of the Western Union Telegraph Company, and gave $5 to the Telegraph Company's agent, with instructions to send $3.84, charges prepaid, to the bailiff. The application for the order was made out in the name of the accused. The superintendent and accused left the office together, and shortly thereafter the accused returned and told the agent the superintendent said not to send the money until he heard from him. Later he told the agent the money was his, and he had decided not to send it to the bailiff by telegraph order, but would send him a draft. Thereupon the agent gave the money to the accused. The accused introduced no evidence. The jury returned a verdict of guilty. The accused moved for a new trial on the general grounds, which was denied, and he excepted.

*Thomas W. Thurman,* for plaintiff in error.

*Thomas E. Patterson, solicitor,* contra.

Cobb, P. J. (After stating the foregoing facts.) The money was delivered to the agent of the Telegraph Company by the superintendent of the Griffin Manufacturing Company, to be used for the benefit of the accused, and not for the benefit of the superintendent or his company. When the application for the money order was made, and the accused was named therein as the sender, title to the money passed to him, and the delivery of the application to the Telegraph Company constituted it as his agent for the transmission of the money to the sendee. The agency was revocable at will. The demand by the accused for the money was a revocation of the agency. The withdrawal of the money from the possession of the Telegraph Company and the appropriation of the same by the accused to a purpose other than that intended by the superintendent did not constitute larceny. The rule is, that, "if one meaning to steal another's goods fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat. But if with the like intent he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because while his intent is thus to appropriate the property, the consent which he fraudulently obtained covers no more than the possession." 1 Bishop, Crim. Law, § 583, and authorities there cited. See also, *Foster* v. *State,* 117 *Ga.* 39; *Finkelstein* v. *State,* 105 *Ga.* 617; *Kerr* v. *State,* 105 *Ga.* 655; *Harris* v. *State,* 81 *Ga.* 759. The evidence did not sustain the verdict, and a new trial should have been granted.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*