### 569. SHEFFIELD *v.* BAINBRIDGE OIL COMPANY.

1. The written notice of claim for attorney's fees required by the proviso to the act of 1900 (page 53) is itself the best evidence of its contents. In the absence of other proof of the service of such notice upon the defendant, the proper foundation for the introduction of secondary evidence must be laid, before parol evidence as to the service, nature, or contents of such notice, is admissible. It is error to allow parol evidence as to the contents of such notice, or to refuse, upon proper motion, to exclude such parol evidence, where the defendant has not been served with a notice to produce, nor any other attempt been made to show the loss or destruction of the original notice.

2. An obligation to pay attorney's fees, embodied in a mortgage, is collectible in the same manner as if it were contained in a note or other evidence of indebtedness. The return day prior to which the debt must be paid is the return day of the court to which the foreclosure of the mortgage is returnable.

3. The verdict was contrary to evidence, and the court erred in refusing a new trial.

Foreclosure of mortgage, from city court of Miller county— Judge Bush.   May 25, 1907.

Submitted October 28,—Decided December 9, 1907.

*Pottle & Glessner,* for plaintiff in error.

*E. S. Longley, Bush & Stapleton,* contra.

Russell, J.   The Bainbridge Oil Company foreclosed a chattel mortgage against B. A. Sheffield, and the mortgage fi. fa. was levied on Jim and Dave, two young horse mules. The defendant

gave a forthcoming bond and filed an affidavit of illegality, which was amended by setting up a debt due to him by the plaintiff in the mortgage fi. fa., in excess of his indebtedness evidenced thereby. The mortgage fi. fa. included $19.30 as attorney's fee, and the total amount of this fi. fa., including the attorney's fee, was $212.37. The amount of the set-off claimed by the defendant for commissions and sacks was $345.50. The jury returned a verdict in favor of the plaintiff. Sheffield moved for a new trial, and excepts to the order overruling his motion. Besides the general grounds of the motion for new trial, the plaintiff in error presents three questions by his bill of exceptions. (1) It is insisted that the court erred in submitting to the jury the question whether the defendant was liable for attorney's fees, and erred in charging the jury upon that subject. The reason for the first assignment of error, as urged by counsel for plaintiff in error, is that a proceeding to foreclose a chattel mortgage is not such a suit as would authorize a recovery of attorney's fees. And the ground of the second exception is that there was no legal evidence to authorize an instruction by the judge upon this subject. (2) The second point raised by the motion for new trial is that the court erred in refusing to rule out the testimony of a witness to the effect that he had sent the defendant written notice for attorney's fees, and the further testimony of this witness as to the contents of the written notice. (3) Because the verdict is contrary to the evidence, and the evidence demanded a verdict in favor of the defendant.

1. We shall consider the second question first. The motion to rule out the evidence of the witness as to the sending of the notice and as to the contents of the notice should have been sustained. The written notice was the best evidence of its contents, and the proper foundation had not been laid for the introduction of secondary evidence. No notice to produce had been served on the defendant, and no attempt was made to show the loss or destruction of the original notice. See *Western Union Tel. Co.* v. *Bates,* 93 *Ga.* 352 (20 S. E. 639); *Holcombe* v. *State,* 28 *Ga.* 66; *McAfee* v. *State,* 85 *Ga.* 438 (11 S. E. 810); *Jackson* v. *Jackson,* 47 *Ga.* 100; *Kerr* v. *State,* 105 *Ga.* 655 (31 S. E. 739); *Western Union Tel. Co.* v. *Hines,* 94 *Ga.* 430 (20 S. E. 349); *Tilley* v. *Cox,* 119 *Ga.* 867 (47 S. E. 219). Parol evidence of the original notice can not properly be received until at least the instrumentalities of or-

dinary diligence have been employed to produce the paper itself,. so that the court can judge whether this lackey of the law is what he claims to be and all he ought to be, and decide that he can be trusted to take money from the defendant and carry it to the plaintiff.

2. We can not concur in the proposition that, because the obligation to pay attorney's fees is embodied in a chattel mortgage, it presents any exception to the general rule as to such obligations. It is insisted by counsel for plaintiff in error that the act of 1900 should be strictly construed. It is true that the original Twitty bill (embodied in the Civil Code, §3667) made all obligations to pay attorney's fees *void,* unless the defendant filed a plea and failed to sustain it. The act of 1900, amending §3667, introduced into that section an exception, and is limited by a proviso.· It is only when the exception has arisen, and after the mandate of the proviso has been complied with, that any liability for attorney's fees arises. In *Mt. Vernon Bank* v. *Gibbs,* 1 *Ga. App.* 662 (58 S. E. 269), we have referred to the fact that the allowance of attorney's fees upon evidence of indebtedness is not specially favored by our code. It is only under the provision of an exception to the general rule (that the obligation to pay attorney's fees is *void*) that a promise to pay attorney's fees, contained in a note or other evidence of indebtedness, can be enforced. However much we may doubt the propriety of the law, which apparently discriminates against promises to pay attorney's fees, nevertheless, as this is the apparent policy of the State, those rights dependent upon the exception will be strictly construed. But there is no reason why the obligation to pay attorney's fees should be more strictly construed because it is contained in a mortgage. The act itself says, "upon. any note or *other* evidence of indebtedness." The real difficulty arises from the fact that the debtor can be relieved from attorney's fees if he pays the debt before return day, and in many cases of mortgage foreclosure there is, strictly speaking, no return day. In the case of the *Mt. Vernon Bank,* supra, we gave the meaning of the term "return day," as heretofore defined in this State, and as applicable to ordinary suits. If no issue is made to a mortgage foreclosure, it differs, of course, from an ordinary suit; but if an issue is made, there is no material difference. We hold, that if the notice be given ten days prior to the affidavit of foreclosure and

the mortgage be not paid, the mortgagor would become liable for attorney's fees according to his obligation. If the mortgagor has been so notified, and fails to pay the debt prior to the date upon which, by the terms of the fi. fa., the sheriff is required to have the money before the court, this would furnish the return day contemplated by the statute. The question before us is whether the mortgagor is liable for attorney's fees, in this and other like cases, where a defense is filed, and where the day and term to which the issue shall be returned is established by law and in each case is well known. In such a case we have no hesitation in holding that as the mortgage fi. fa., which theretofore was final process, has, by the act of the defendant himself, been transmuted into the beginning of or primal step in a suit, the defendant has himself provided a definite return day, prior to which the notice can be given as in any other case. There would seem to be more real justice in this rule than in taxing one with attorney's fees on an ordinary note, who, though he is notified, has no disposition to contest the justness of the plaintiff's claim or put him to any unnecessary expense, and who does not comply with the notice and pay his obligation, simply because it is impossible to procure the money with which to discharge it. In the case of a mortgagor who files an illegality to the levy of the mortgage fi. fa., the plaintiff is necessarily subjected to the expense of attorney's fees. The mortgagor raises an issue which must be settled in the courts, and there is no reason why he should be relieved from his obligation.

If the judge had been right in his ruling on the evidence which the defendant's counsel moved to exclude, he would have been authorized to give the charge upon the subject of attorney's fees which is complained of. The charge was a correct statement of law, but inasmuch as the judge had erred in not excluding the evidence upon this subject, for the reasons we have heretofore stated, the evidence was not legally before the jury. For this reason the charge of the judge was, in the present case, erroneous. The presentation of the subject of attorney's fees was a repetition and continuation of his former error in not excluding the evidence upon this subject from the jury.

3. Without deciding whether the rulings excluding the testimony in behalf of the plaintiff were correct or not, the verdict in its behalf was not supported as to the interest (there being several ad-

mitted credits whose dates were not fixed by evidence), nor for attorney's fees. But as the case must be remanded upon the grounds already discussed and for the reasons therein announced, it is unnecessary that we should pass upon this ground of exception, and more proper that we submit the evidence (which may be different upon the next trial) to the jury without comment.

               *Judgment reversed.*