## 2124.   WATSON *v.* THE STATE.

There can be no larceny where the property alleged to have been stolen was taken with the consent of the cwner or of his authorized agent.

51

Accusation of larceny from house, from city court of Blakely—Judge Jordan. August 27, 1909.

Submitted October 6,—Decided October 13, 1909.

*C. D. Russell, G. D. Oliver,* for plaintiff in error.

*Walter Park, solicitor,* contra.

HILL, C. J. Watson was convicted of the offense of larceny from the house, and his motion for new trial, based on the general grounds alone, was overruled. We think the conviction was unauthorized by the evidence. The testimony of the State, in brief, shows that the defendant took two bottles of coca-cola from the storehouse of the prosecutor. The clerk of the prosecutor testified, that on the evening of the alleged larceny, the defendant came into the store and asked him to leave the coca-cola out of the ice-box when he locked up at night, so he could get it after church, as he had done before without complaint. He complied with the request, and the clerk so informed the prosecutor. After services at the church the clerk went to the store with the defendant, and the defendant went in for the coca-cola. The witness further stated that the defendant had gone in the store before and gotten cold drinks, and paid the prosecutor subsequently, and that the prosecutor made no complaint. The defendant in his statement admitted getting the coca-cola, stating that he intended paying for it as he had done before, with the prosecutor's consent. From the evidence for the State it must be apparent that there was no intent to commit larceny, and that the trespass, which is an essential element of the offense, was lacking. *Williams v. State, 55 Ga. 391, 395.* There can be no larceny where the owner or his authorized agent consents to the taking.

*Judgment reversed.*