### 17288.   TAYLOR *v.* THE STATE.

A conviction of simple larceny was authorized by evidence that the accused fraudulently obtained from the prosecutrix $150 to be used by him for her in relieving her son from a sentence for misdemeanor, which the accused represented to her had been imposed, but which in fact had not been, as the accused knew; the facts supporting a finding that he appropriated the $150 to his use with intent to steal.

DECIDED JUNE 28, 1926.

Certiorari; from Fulton superior court—Judge E. D. Thomas. February 18, 1926.

*C. G. Battle, H. A. Allen,* for plaintiff in error.

---

Larceny, 36 C. J. p. 899, n. 34.

*Roy Dorsey, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. Taylor was convicted of the offense of simple larceny. The evidence as to his guilt was in conflict; but the jury, as arbiters, were authorized to find that the defendant, a lawyer, represented to the prosecutrix that her son had been convicted of violating the prohibition statute, and had been sentenced to pay a fine of fifty dollars, and, in addition, to work upon the public works for a term of twelve months; and that on the afternoon of the day on which he was talking to her, or early next morning, her son would be sent out to the public works to begin his sentence, but that for the sum of $150 he would arrange to have her son relieved from the sentence imposed upon him; that, upon such representation, she borrowed $150, which was paid to him; that in truth her son, had received no such sentence as he told her had been imposed, and that the defendant knew at the time of making the statement that her son had been fined $50 and given a twelve-months sentence, with the proviso that the sentence be suspended upon the payment of the $50 fine; that the $50 fine was paid by the check of the defendant, but subsequently the check given in payment of the fine was not paid by the bank, at the instance of the defendant; that the defendant collected the $150; that upon the failure of the bank to pay the $50 check the son of the prosecutrix was rearrested and his fine paid otherwise; that after the rearrest, and about the time the accusation upon which the defendant was tried was being prepared by the solicitor of the court, the defendant made restitution of the $150 paid him. Upon this state of facts the jury had a right to find that the defendant fraudulently obtained possession of $150, to be used by him for the prosecutrix in relieving her son from a sentence imposed, which sentence in fact had never been imposed, that the defendant knew this, and that the $150 was appropriated to the use of the defendant, with the intent to steal the same. Upon the answer to the petition for certiorari, the judge of the superior court having overruled and denied the same, this court can not, upon the general grounds, say that there was no evidence to support the finding of the jury. The record shows no reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*