## 18046.　LEE *v.* THE STATE.

.Under the facts of this case, since the purchaser voluntarily delivered the property in the money to the accused, he could not be guilty of stealing the same from her, and therefore is not guilty of the offense with which he was charged and of which he was convicted; and the judge of the superior court erred in declining to sanction the petition for certiorari.

DECIDED MAY 11, 1927.

Larceny, 36 C. J. p. 777, n. 13; p. 788, n. 66 New.

Certiorari; from Fulton superior court — Judge Humphries. February 10, 1927.

*Little, Powell, Smith & Goldstein, Kendrick Scott,* for plaintiff in error.

*Roy Dorsey, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. J. F. Lee was charged with and convicted of simple larceny, in the criminal court of Atlanta. The judge of the superior court declined to sanction his petition for certiorari, and to this he excepted. The accusation upon which he was convicted charged him with "the offense of misdemeanor, for that the said J. F. Lee, in the county aforesaid, on the 2d day of August, 1926, did wrongfully and fraudulently take and carry away, with intent to steal the same, one and 22/100 ($1.22) dollars in money, the property of Mrs. Ellis Barrett, and of the value of one and 22/100 ($1.22) dollars, contrary to the laws of said State," etc. The accusation is labeled on the back as "simple larceny." The evidence for the State shows that the defendant was assistant manager of a filling station in the city of Atlanta; that he had an arrangement with two negro porters to so manipulate the pump as to give a less amount of gasoline than was ordered and paid for; that Mrs. Barrett went to the station, ordered seven gallons of gasoline, handed the defendant $2 to pay therefor, and from the $2 the defendant deducted pay for seven gallons of gasoline, knowing that Mrs. Barrett had received less than that quantity; that she had been given the $2 by a police officer, and that she went to the filling station to make the said purchase at the instance and request of the officer and for the purpose of catching the defendant in the said act. The State contends that by virtue of substantially these facts the defendant "did wrongfully and fraudulently take and carry away, with intent to steal the same, $1.22 in money, the property of Mrs. Ellis Barrett." The only material issue presented for our decision is whether or not the above state of facts, in substance, constitutes the offense of simple larceny.

In *Welch* v. *State,* 126 *Ga.* 495 (55 S. E. 183), the Supreme Court held: "If one meaning to steal another's goods fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the

transaction amounts to an indictable cheat." In that case money was obtained with fraudulent intent and by means of false representations, but the property in the money passed to the accused, and the court held that there was no larceny. In the case under consideration, if the defendant, with intent to steal the money, had fraudulently gotten only possession of it, and then, without having the property in it, had converted it to his own use, he would have been guilty of larceny. But such was not the case. Mrs. Barrett delivered the property in the money to the defendant, intending that the title to the same should pass to him. The defendant did not steal the money or any portion of it from Mrs. Barrett. She gave it to him intentionally and received the amount of change which she expected. What she failed to receive was the quantity of gasoline ordered and paid for. In the case of *Jones* v. *State,* 97 *Ga.* 430 (25 S. E. 319, 54 Am. St. R. 433), a child gave the accused a $20 gold piece, thinking it was a dollar; the accused ascertained that it was a $20 gold piece and that the child thought it was a dollar, and he gave her 75 cents in change on a 25 cents purchase, which was the amount she expected and the amount which would have been due if the coin had been only one dollar as she thought. On this state of facts the Supreme Court held that "the offense can not be larceny; and if this be true, it falls directly within the description embraced in section 4595 of the Code, defining the offense of being a common cheat and swindler." See also *Foster* v. *State,* 117 *Ga.* 39 (43 S. E. 421).

In the instant case the accused may have been guilty of cheating and swindling; as to this we are not called upon to decide, but since the purchaser voluntarily delivered the property in the money to the accused, he could not be guilty of stealing the same from her, and therefore is not guilty of the offense with which he was charged and of which he was convicted.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*