23631. ARMSTRONG *v.* THE STATE.

DECIDED MARCH 29, 1934.

*E. C. Herring, J. D. Hughes,* for plaintiff in error.

*John Y. Roberts, solicitor,* contra.

MacINTYRE, J. The accusation in this case charges that on May 24, 1933, in Bibb county, Georgia, H. Armstrong committed simple larceny by stealing "one thousand gummed labels printed to order . . of the value of $3, and of the personal goods of J. M. Coggins and R. E. Mann Jr., a partnership." It appears from the indictment that said labels were an advertisement for an insecticide called "SKEET-O," and that at the bottom of the labels were the words "Macon Specialty Co., Macon, Ga."

J. M. Coggins testified: that on May 24, 1933, he and R. E. Mann Jr. were operating a printing business under the firm name of "Coggins & Mann," in Macon, Bibb county, Georgia; that the defendant "gave us an order for 1000 labels, which we agreed to print for $3;" that "a few days later he came in and seemed to be in a hurry, and . . asked for the labels, stating that he had paid all but $1.25 for them;" that Mr. Mann, who was in charge

of the office and usually waited on the defendant, was out, and witness "considered that he had paid $1.75 on the labels," and decided that he "would let him have the 1000 labels on his statement that he had paid all but $1.25;" that when Mann returned he said that the defendant had not paid anything; that "this occurred on May 24, 1933, in the City of Macon, Bibb County, Georgia;" and that "when an order was taken it was entered on their books, showing what the order was for and the price of the same, and payments . . made," and that these books were accessible to witness. R. E. Mann Jr. testified that his partnership agreed to print said 1000 labels "for cash," and that the defendant never paid "anything on the bill." In his statement to the jury the defendant admitted ordering the labels in question, but further said that he never did get the labels and still owed for them.

The State relies upon the case of *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334), and other cases of a similar nature. The headnote of that case is as follows: "If a person, fraudulently intending to get possession of the money of another and appropriate the same to his own use, by false representations induces the owner to deliver the money to him for the purpose of being applied for the owner's use or benefit, and then appropriates it in pursuance of the original intent, he is guilty of both larceny after trust delegated and simple larceny, and may be prosecuted for and convicted of either offense." Other cases cited by the State are *McNalt* v. *State,* 27 *Ga. App.* 642 (2) (109 S. E. 514); *Johnson* v. *State,* 27 *Ga. App.* 635 (109 S. E. 535); *Taylor* v. *State,* 35 *Ga. App.* 474 (133 S. E. 746). In *Welch* v. *State,* 126 *Ga.* 495, 496 (55 S. E. 183), the Supreme Court approves and applies the following rule taken from 1 Bishop, Crim. Law, § 583. "If one meaning to steal another's goods fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat. But if with the like intent he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because while his intent is thus to appropriate the property, the consent which he fraudulently obtained covers no more than the possession." Under this rule the judgment of guilty was held unauthorized in *Lee* v. *State,* 36 *Ga. App.* 773 (138 S. E. 257).

In the instant case the labels were printed for a cash consideration, but when the defendant stated that he had paid all but $1.25 of the agreed cash price of $3, Mr. Coggins accepted this statement as true and let the defendant have the labels without any verbal or written condition or reservation of title. We think that the only reasonable construction of Coggin's testimony is that he delivered the property in the labels, as well as the possession of them, to the defendant. There is nothing whatever in the record to indicate that Coggins delivered the property to the defendant "for the purpose of being applied for the owner's use or benefit." Indeed, the peculiar nature of the property seems to limit the use of it to a particular purpose—one in which it is hard to conceive how the partnership, or any member of it, could have been interested. Under the rule laid down in the *Welch* case, supra, we are constrained to hold that the State failed to make out its case, and that the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*