## 28187. THOMAS v. THE STATE.

·DECIDED JUNE 26, 1940.

*Lula G. Whitman, R. C. Whitman,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

MACINTYRE, J. John Thomas was convicted of simple larceny. His motion for new trial was overruled, and he excepted. The only question of law made by this record is, whether or not the testimony upon which the conviction rests makes a case of simple larceny. The Code, § 26-2602, declares: "Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same. The thief may be indicted in any county in which he may carry the goods stolen." The State contends that the suit of clothes, the subject-matter of the alleged larceny, was sent to the defendant by the seller's agent only on the promise that the defendant would pay for it upon delivery; in other words, that the sale was for cash. The defendant contends that the sale was a credit transaction.

Frank Walker, the prosecutor, testified: "We were walking down the street one morning together, and he said something about buying a suit of clothes, and I said I would like to sell him one, and we were about the front of the store, and he looked at some suits there, and I showed him one like I had gotten for myself. He looked in the front at them and picked out one, and it suited him, and he says, 'I'd like to get it, but I ain't got the money.' Said, 'I want to get it out by Easter.' So he handed me a dollar, and I made out the regular sales slip and pinned it on the suit and hung it in the closet. He didn't ask me to charge it, but he said, 'If I can't get it on the credit I'll ask you to hang it away from [for] me.' And he paid one dollar, and said he would pay it by

the week. He said that he didn't have much money. I said that was all right. I saw him may be two weeks after that, and I said, 'John, aren't you going to pay something on the suit?' He said, 'Just so I get it out by Easter.' That was two months before Easter. It rocked along till the Saturday before Easter, and he came down to the store on Saturday and came down there to the store after lunch, and you know how busy we are on Saturday before Easter, and he asked me if he could get his suit by this afternoon. He said he wanted it so he could use it tomorrow. There were just two alterations to make, and he said if we could get it ready that it would be all right for him to get it that night. He said that it would be late when they checked up later than we [stayed] open, so he sent and got the suit of clothes. That is the last I saw of him but he did come to Eatonton. I was out of town that day. They told me he had been here, but he didn't go by the store and I saw him one time after that. He paid only one dollar on the suit before he got it. I did not see him with that suit on. He was not to get it until he paid in full. At the time he got the suit he said he would send the money right back as soon as he checked up."

These facts, we think, show a sale on credit; and when the witness later testified that it was a cash sale, this was merely his conclusion as to the kind and character of the sale. The further fact that the prosecutor testified that he would not have let the defendant have the suit if he had not believed that the defendant would send the money back that night when he checked up does not change the character of the credit sale. Suppose, for instance, the defendant had said that when he checked up at the end of the month he would send the prosecutor the money for the suit, and failed to do so, and the prosecutor had testified that he let the defendant have the suit only if he sent the money when he checked up at the end of the month, can it be said that this would be a cash sale? We think not. In discussing the question of whether a sale was a credit transaction or a ready-money sale, Kelly, C. B., in Reg. v. Slowly, 12 Cox's (English) Criminal Cases 269, 270, said: "In all such sales the delivery of the thing sold, or of the money, the price of the thing sold, must take place before the other, i. e., the seller delivers the thing with one hand while he receives the money with the other. No matter which takes place

first, the transaction is not complete until both have taken place. If the seller delivers first before the money is paid, and the buyer fraudulently runs off with the article, or if on the other hand the buyer pays first, and the seller fraudulently runs off with the money without delivering the thing sold, it is equally larceny." However, it was said: "If in this case it had been intended by the prosecutor to give credit for the price of the onions [the articles alleged to have been stolen], even for a single hour, it would not have been larceny." If a party obtains goods from another by sale, he is not liable to a prosecution for larceny, no matter how fraudulent may have been the pretenses by which the sale was obtained. However, the sale, to bar larceny, must be complete. 2 Wharton's Criminal Law, 1428, §§ 1212, 1213. If personal property is voluntarily placed in the hands of a person upon the condition that there should be returned to the owner at once its value in money (a cash sale), neither title nor right of possession passes and becomes complete until this condition is complied with. *Finkelstein* v. *State*, 105 *Ga.* 617, 620 (31 S. E. 589). Thus if a sale be for cash, the taking of the goods without paying cash is larceny; otherwise if there be credit. 2 Bishop's Criminal Law, 476, § 815 (2); 2 Wharton's Criminal Law, 1433, § 1216. The evidence discloses that the property was taken with the consent of the owner and delivered to the defendant; and the completed sale was one of credit, and not of cash. See *Watson* v. *State*, 6 *Ga. App.* 801 (65 S. E. 813); *Foster* v. *State*, 117 *Ga.* 39 (43 S. E. 421); *Ryan* v. *State*, 45 *Ga.* 128; *Armstrong* v. *State*, 48 *Ga. App.* 843 (174 S. E. 143). We are of the opinion that the evidence demanded a finding that the sale in the instant case was a credit sale. The judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*