### 70168. DAVID et al. v. ITT DIVERSIFIED CREDIT CORPORATION.
(332 SE2d 8)

BANKE, Chief Judge.

Allstar Mobile Home Sales, Inc., entered into a revolving loan contract with the appellee, ITT Diversified Credit Corporation, to obtain financing for its mobile home inventory. Appellants Noel and Maureen David, Allstar's president and secretary, respectively, personally guaranteed Allstar's performance under the contract. Based on Allstar's subsequent failure to make scheduled payments in May and June 1982, ITT declared the loan to be in default and repossessed a number of mobile homes which served as collateral for the

indebtedness. The total outstanding indebtedness at this time was $111,334.75.

On July 12, 1982, ITT's attorney notified Allstar by certified letter that ITT intended to dispose of the inventory by negotiated private sale on or after July 26, 1982, and to enforce the attorney fee provisions in the credit agreement if Allstar did not satisfy the debt within 10 days of receipt of the letter. ITT brought this action to collect the alleged deficiency remaining after the sale of the collateral. The Davids appeal an order granting summary judgment to ITT for a deficiency in the amount of $4,386.05, as well as attorney fees in the amount of $16,700.21. They also enumerate as error the denial of their own motion for summary judgment. They contend that the award of attorney fees was erroneous due to lack of notice, and that, even assuming the adequacy of notice, the amount allowed as attorney fees was excessive.

In their original answer, the appellants admitted receiving certain letters containing notice of the appellee's intention to sell the collateral and enforce the attorney fee provisions contained in the contract. On the day before the summary judgment motion was scheduled to be heard, however, they filed an amendment to their answer, withdrawing their earlier admission concerning notice and denying that they had in fact received proper notice. They also submitted affidavits supporting these denials.

Relying upon the correspondence appearing in the record, the trial court found the appellants in contempt of court for "filing false affidavits made in bad faith and solely for the purpose of delay." (No issue concerning the contempt is raised in this appeal.) In particular, the court relied upon a letter dated July 15, 1982, signed by appellant Noel David, in which he acknowledged receipt of a letter addressed to Allstar from ITT containing notice of its intention to sell the collateral and collect attorney fees. *Held*:

1. "On motion for summary judgment, all evidence, including the testimony of the party opposing the motion for summary judgment, is generally to be construed against the movant. *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971). However, the Supreme Court has . . . ruled that where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him. *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981). This is a modification of the previous rule set forth in *Chambers v. C & S Nat. Bank*, 242 Ga. 498 (249 SE2d 214) (1978), to the effect that a respondent's testimony will be construed against him only where the contradiction is deliberate or intentional." *Cook v. Delite Beauty Supply*, 165 Ga. App. 859 (1) (303 SE2d 40) (1983).

The trial court determined that the appellants' affidavits consti-

tuted a deliberate contradiction of facts previously acknowledged by Noel David in his letter to ITT dated July 15, 1982, and consequently, based on the above quoted authority, disregarded them. In doing so, the court evidently concluded that the admissions contained in the letter, the authenticity of which is not denied by the appellants; constituted the functional equivalent of testimony within the meaning of *Hosp. Auth. v. Sheats*, supra. We agree. Under the circumstances, the trial court was authorized to disregard the appellants' contradictory affidavits submitted the day before the summary judgment hearing and to conclude that no material issue of fact remained as to the notice issue.

2. The award of $16,700.21 in attorney fees was, however, excessive, having been calculated on the basis of the $111,334.75 balance owing at the time of the default rather than the amount owing after the sale of the collateral. The record shows that ITT had entered into an agreement with Fleetwood Homes, the manufacturer of the mobile homes, pursuant to which that company was obligated to repurchase the collateral if requested to do so by ITT. The consideration for this agreement presumably was the granting of credit by ITT to Allstar Homes to facilitate the latter's purchase of the Fleetwood product. ITT invoked its option pursuant to this repurchase agreement, and Fleetwood in fact repurchased the collateral for $106,948.70. We agree with the appellants that this portion of the obligation was not collected "by and through an attorney after maturity" within the meaning of OCGA § 13-1-11. Compare *C & S Nat. Bank v. Bougas*, 149 Ga. App. 722 (256 SE2d 37) (1979); *Considine Co. of Ga. v. Turner Communications Corp.*, 155 Ga. App. 911 (5) (273 SE2d 652) (1980). The deficiency for which appellants were liable was only $4,386.05, and any award of attorney fees based on an amount in excess of that figure was not authorized by the code section.

3. We have carefully considered the appellants' remaining arguments on appeal and find them to be without merit. The trial court's judgment is affirmed on the condition that the attorney fees be recomputed based on the deficiency of $4,386.05. Otherwise, the judgment is reversed.

*Judgment affirmed on condition. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 7, 1985 —
REHEARING DENIED MAY 30, 1985.

*Karen F. White*, for appellants.
*C. David Butler, Lee Cheney*, for appellee.