A89A0754. ASSOCIATES COMMERCIAL CORPORATION
v. STOREY et al.
(384 SE2d 265)

BENHAM, Judge.

In a suit on a guaranty, a jury awarded appellant $8,281.24 principal and accrued interest and $4,839.27 post-maturity interest, and the trial court entered judgment accordingly. Appellant appeals from the trial court's grant of a directed verdict to appellees/debtors on appellant's claim for contractually authorized attorney fees.

Appellant and Transroad, Inc., executed a promissory note and security agreement obligating Transroad to repay $204,936. Under the terms of those documents, Transroad was to be in default if it failed to make its monthly payments to appellant or if it filed a petition in bankruptcy or sought other such relief. Transroad and its guarantors were obligated to pay the expenses of collection, including attorney fees of 20 percent of the amount due (or, if prohibited by law, such lesser amount as may not be so prohibited). Appellees David and Beverly Storey executed a continuing guaranty personally guaranteeing any and all indebtedness incurred by Transroad. Transroad defaulted when it failed to meet its monthly payments under the note and security deed and subsequently filed a petition for voluntary bankruptcy. Appellant then accelerated Transroad's indebtedness and sought to collect the indebtedness from appellees as guarantors.

Appellant filed the instant lawsuit against appellees, claiming entitlement under their continuing guaranty to "all amounts owed by Transroad under the Note & Security Agreement, including without limitation, all principal, accrued interest, late charges and attorney's fees and expenses." Appellant noted in paragraph 11 of its complaint that the outstanding principal balance and accrued interest on the date Transroad filed its bankruptcy petition was $65,969.65. In paragraph 12 of its complaint, appellant gave appellees notice under OCGA § 13-1-11 that the indebtedness had matured; that the note and security agreement provided for the payment of attorney fees by

appellees if the indebtedness was collected by or through an attorney; that the attorney fee provision was going to be enforced; and that appellees had ten days from the date of service of the complaint/notice to pay the principal, accrued interest, and late charges in order to avoid payment of attorney fees.

Several months after the complaint was filed, representatives of appellant and Transroad negotiated an arrangement for Transroad to pay its debt determined at that time to be approximately $54,000. Appellant then amended its complaint by deleting the allegation that $65,969.65 was the outstanding balance of principal and interest due on the date of Transroad's default. Pursuant to the negotiated arrangement, Transroad made three payments totaling $43,000 to appellant, leaving an indebtedness of approximately $10,000 in September 1988, the time of trial on appellant's complaint.

During the jury trial both parties moved for a directed verdict on appellant's claim for attorney fees under OCGA § 13-1-11. The trial court denied appellant's motion and granted that of appellees, concluding that there had been no showing that the amounts paid by Transroad after the complaint was filed and before trial were "collected by or through an attorney," and because the amount demanded when the OCGA § 13-1-11 notice was given was admitted by appellant to have been wrong and the correct amount was not readily ascertainable.

"Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity. . . ." OCGA § 13-1-11 (a). While an attorney employed by appellant filed a complaint against appellees, conducted discovery, and participated in a trial in an effort to recover the indebtedness, there was no evidence that the amounts Transroad paid to appellant pursuant to the negotiated agreement were "collected by or through an attorney." It is undisputed, however, that the attorney's efforts resulted in the $8,281.24 judgment against appellees for principal and interest. Therefore, appellant may have been entitled to an attorney fee award based on that amount. Thus, we must examine the trial court's conclusion that appellant's inclusion in its complaint of an incorrect statement of the amount owed by Transroad precluded appellant from obtaining an award of attorney fees.

We note initially that while appellant's original complaint contained an incorrect statement of the amount due, that statement was not contained in the portion of the complaint included as the statutory notice. OCGA § 13-1-11 (a) (3) requires the creditor to notify the debtor in writing after the debt has matured that the contractual pro-

visions regarding payment of attorney fees in addition to the principal and interest will be enforced and that the debtor has ten days from the receipt of the notice to pay the principal and interest without the attorney fees. *General Elec. Credit Corp. of Ga. v. Brooks*, 242 Ga. 109, 119 (249 SE2d 596) (1978). The statute does not require disclosure of the amount of principal and interest the debtor must pay to avoid the assessment of attorney fees. *Kennedy v. Brand Banking Co.*, 152 Ga. App. 47 (5) (262 SE2d 177) (1979); *Franco v. Bank of Forest Park*, 118 Ga. App. 700 (1) (165 SE2d 593) (1968). Therefore, paragraph 12 of appellant's complaint was a sufficient notice. The result would be the same even if the improper amount had been contained in the statutory notice. See *Carlos v. Murphy Warehouse*, 166 Ga. App. 406 (2) (304 SE2d 439) (1983). Thus, it was error to grant appellees' motion for a directed verdict on appellant's claim for attorney fees. However, the trial court did not err in denying appellant's motion for a directed verdict, since appellant had sought an award based on an indebtedness of approximately $54,000. Therefore, the trial court's entry of judgment on the jury verdict is affirmed on the condition that appellant be awarded attorney fees based on the jury's verdict of $8,281.24. See *David v. ITT Diversified Credit Corp.*, 174 Ga. App. 910 (2, 3) (332 SE2d 8) (1985).

Since paragraph 12 of appellant's original complaint complies with OCGA § 13-1-11 (a) (3), we need not address appellees' contention that appellant's amendment to its complaint did not comply with the statutory requirements.

*Judgment affirmed on condition. Deen, P. J., and Birdsong, J., concur.*

DECIDED JULY 10, 1989.

Dillard, Greer, Westmoreland & Wilson, Shawn D. Stafford, Frank L. Wilson III, for appellant.
John T. Avrett, R. Mike Withrock, for appellees.