## A93A1033. KENEMER v. FIRST NATIONAL BANK OF ATLANTA.
### (436 SE2d 96)

MCMURRAY, Presiding Judge.

Is a creditor entitled to recover attorney fees pursuant to OCGA § 13-1-11 if its attorney collects the debt via a foreclosure proceeding? This is the sole question presented for decision in this case.

Kenemer was indebted to the First National Bank of Atlanta ("the bank") pursuant to a promissory note and deed to secure debt. The note and security deed provided that the bank was entitled to 15 percent attorney fees in the event the indebtedness was collected by an attorney. Kenemer defaulted on the note and the bank notified him that it would seek attorney fees in addition to the amount due. As of that time, Kenemer was indebted to the bank in the amount of $594,004.35.

Thereafter, by and through its attorney, the bank initiated foreclosure proceedings. The properties securing the debt were knocked down and purchased by the bank for $576,000. The bank sought approval and confirmation of the foreclosure sales. The sales were approved and confirmed and the bank brought this suit seeking a deficiency judgment against Kenemer.

The trial court awarded summary judgment to the bank in the principal amount of $41,011.55, plus interest in the amount of $8,050.55, and attorney fees in the amount of $92,551.53. Kenemer appeals. *Held*:

OCGA § 13-1-11 (a) provides for the enforcement of an attorney fee obligation upon "any note or other evidence of indebtedness" provided that the debt is collected "by or through an attorney after maturity." The obligation is enforceable whether it is contained in a note or deed to secure debt. OCGA § 13-1-11 (b).

Kenemer contends the bank should not be able to recover attorney fees upon the portion of the debt that was satisfied via foreclosure sale. He apparently takes the position that if a debt is satisfied via foreclosure, it cannot be said that it has been collected by or through an attorney after maturity. We disagree.

The bank is entitled to recover attorney fees if the debt is col-

lected by or through an attorney. OCGA § 13-1-11. That foreclosure proceedings were employed to recover the debt is of no consequence. See *Cochran v. Bank of Hancock County*, 118 Ga. App. 100, 106 (3) (162 SE2d 765) (dicta). See generally *Sheffield v. Bainbridge Oil Co.*, 3 Ga. App. 200, 202 (2) (59 SE 725). The true inquiry is whether the attorney played a role in collecting the debt. See *Assoc. Commercial Corp. v. Storey*, 192 Ga. App. 199 (384 SE2d 265). If he or she did as in this case, the creditor is entitled to enforce the attorney fee obligation. OCGA § 13-1-11.

Kenemer's reliance upon *David v. ITT Diversified Credit Corp.*, 174 Ga. App. 910, 912 (2) (332 SE2d 8), is misplaced. In that case, a portion of the debt was satisfied pursuant to the creditor's exercise of a longstanding repurchase agreement. Thus, unlike the case sub judice, it could not be said that that portion of the debt was collected by and through an attorney after maturity.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 24, 1993.

*Avrett & Withrock, R. Mike Withrock*, for appellant.
*McCamy, Phillips, Tuggle, Rollins & Fordham, C. Lee Daniel III*, for appellee.